IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KORIN BRADLEY,

    Plaintiff,

v.                                                CASE NO. 1:15-cv-273-MP-GRJ

KATHERINE ARTMAN, et al.,

    Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. ECF Nos. 1 and 2. The Court finds that leave to proceed as a pauper should be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(b)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff is an inmate at the Alachua County Jail. Plaintiff's confinement stems from a state criminal case charging him with violating a condition of pretrial release that he not have contact with the victim. Plaintiff pleaded *nolo contendere* to the charge and was convicted in

March 2014.  *See State v. Bradley*, Case No. 2014 MM 621 (Alachua County Circuit Court).  Plaintiff subsequently was charged with violating probation in that case, pleaded guilty, and his probation was revoked.  *Id*. docket entry 8/12/15.  Plaintiff remains confined in the Alachua County Jail and has filed an appeal in the case *See id*. docket entry 8/19/15.

Plaintiff's violation of probation and plea proceedings are the subject of the instant lawsuit.  ECF No. 1.   Plaintiff contends that two assistant state attorneys, his public defender, and a probation officer violated his rights during the proceedings.  Plaintiff seeks damages for pain and suffering, lost wages, and other relief.  ECF No. 1 at 8.

Federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of

federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6. The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*. Because Plaintiff's criminal case is ongoing, this Court should abstain from considering claims that should be resolved in the first instance by the state courts.

Further, Plaintiff's claim for monetary damages against the state prosecutor for actions taken in connection with Plaintiff's criminal case is barred by the immunity doctrine. The Supreme Court has recognized that the judicial function and prosecutorial function are cloaked with absolute immunity, with certain narrow exceptions. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). ("Prosecutors have absolute immunity from civil damages suits under section 1983 for actions intimately associated with the judicial phase of the criminal process."); *Barr v. Gee*, No. 11–10104, 2011 WL 3585815,

at *8 (11th Cir Aug. 16, 2011)(per curiam) ("A prosecutor is absolutely immune from suit for all actions that he takes while performing his function as an advocate for the government.").

To the extent that Plaintiff contends his public defender is liable to him for a violation of Plaintiff's rights, such claim is not cognizable. In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir.2003) (citation and quotation marks omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**. It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to the *Younger*

*Page 5 of 5*

abstention doctrine and pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 21st day of December 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**